**FILED**
**U.S. District Court**
**District of Kansas**
07/20/2026
**Clerk, U.S. District Court**
**By:** SND **Deputy Clerk**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

RICO J. BROWN, SR.,

Petitioner,

v.                                                        CASE NO. 26-3234-JWL

KANSAS DEPARTMENT
OF CORRECTIONS,

Respondent.

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by Petitioner Rico J. Brown, Sr., a state prisoner currently incarcerated at Hutchinson Correctional Facility in Hutchinson, Kansas. For the reasons set forth below, this matter must be dismissed without prejudice for lack of jurisdiction. If Petitioner wishes to pursue federal habeas relief related to his 2014 convictions, he must obtain authorization to do so from the United States Court of Appeals for the Tenth Circuit before filing a petition in this Court.

### Background

Petitioner is currently incarcerated under sentences the District Court of Sedgwick County, Kansas imposed for his 2014 convictions of aggravated human trafficking, battery, violation of a protective order, and promoting the sale of sexual relations. (Doc. 1, p. 1.) In 2016, the Kansas Court of appeals affirmed the convictions and sentences and, in 2017, the Kansas Supreme Court denied review. *See State v. Brown*, 2016 WL 6910080 (Kan. Ct. App. Nov. 23, 2016), *rev. denied* June 20, 2017. Petitioner pursued post-conviction relief under K.S.A. 60-1507, but was ultimately unsuccessful. *See Brown v. State*, 2022 WL 188800 (Kan. Ct. App. Jan. 21, 2022), *rev. denied* Feb.

1

17, 2023.

Petitioner then filed in this Court a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging the convictions, which was denied on November 24, 2025. *See Brown v. Peterson*, 2025 WL 3264615 (D. Kan. Nov. 24, 2025) (unpublished). Specifically, United States District Judge Toby Crouse denied the petition because some of the grounds therein were barred by anticipatory procedural default and the remaining grounds failed on their merits. *Id.* at 3. Petitioner did not appeal the denial. On July 13, 2026, Petitioner began this case by filing another petition for writ of habeas corpus under § 2254. (Doc. 1.) Although he has left the required form largely blank, it is clear that he again seeks to challenge his 2014 convictions. *Id.* at 1.

**Analysis**

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts requires the Court to review each habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Under 28 U.SC. § 2244(b), "the filing of a second or successive § 2254 application is tightly constrained." *Case v. Hatch*, 731 F.3d 1015, 2026 (10th Cir. 2013). "The phrase 'second or successive petition' is a term of art" with a specific meaning in this context. *See Slack v. McDaniel*, 529 U.S. 473, 486 (2000). It requires that the prior habeas petition was adjudicated "on its merits." *Id.*

Clearly, some of the claims in Petitioner's first federal habeas petition were denied on their merits. *See Brown*, 2025 WL 3264615, at *5 (analyzing Petitioner's properly exhausted claims of ineffective assistance of counsel and finding that Petitioner had not met his burden). The remaining claims were denied because they "face[d] an anticipatory procedural bar," so the Court did not delve into the merits of the arguments. *Id.* For purposes of deciding whether Petitioner's first

2

federal habeas was adjudicated "on its merits," rendering the current petition a "second or successive" petition, however, the denial on procedural grounds is considered an adjudication on the merits. *See Schwartz v. Neal*, 228 F. App'x 714, 816 (10th Cir. 2007) (holding that claims in a first § 2254 petition that were denied because of procedural default "'constitute[d] a disposition on the merits and thus render[ed] a subsequent § 2254 petition . . . "second or successive" for purposes of the AEDPA.' [Citations omitted.]").

Because Petitioner's previous § 2254 petition challenging his 2014 state convictions was adjudicated on its merits, the § 2254 petition now before the Court is a "second or successive" application for § 2254 relief. Before a petitioner may proceed in a second or successive application for habeas corpus relief, "the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). There is no indication that Petitioner has obtained from the Tenth Circuit the required preauthorization to file a "second or successive" petition.

This Court lacks jurisdiction to consider unauthorized second or successive petitions for § 2254 relief. Thus, the Court must either dismiss the petition or, if it is in the interest of justice, transfer it to the Tenth Circuit for possible authorization to proceed. The Court concludes that transfer of this matter would not serve the interest of justice, so it will dismiss this matter without prejudice for lack of jurisdiction. Petitioner may disregard the notice of deficiency mailed to him on July 14, 2026. (Doc. 2.) If Petitioner wishes, he may independently apply directly to the Tenth Circuit for authorization to proceed in a second or successive § 2254 petition.

## Certificate of Appealability

Under Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, "the district court must issue or deny a certificate of appealability [(COA)] when it enters

a final order adverse to the applicant."

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485. The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is **dismissed without prejudice** as an unauthorized second or successive petition under 28 U.S.C. § 2254 which the Court lacks jurisdiction to consider. Petitioner may disregard the notice of deficiency (Doc. 2) issued on July 14, 2026. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:   This 20th day of July, 2026 at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge

4